ace

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES W. CAMPBELL,**           ) | |
|                                                               ) | |
|             **Plaintiff,**                              ) | |
|                                                               ) | |
|             v.                                              ) | Case No. 07-2126-JAR |
|                                                               ) | |
| **STEPHEN JENKINS,**                 ) | |
|                                                               ) | |
|             **Defendant.**                           ) | |
|                                                               ) | |

**MEMORANDUM AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS WITHOUT PREJUDICE**

This matter is before the Court on defendant's Motion to Dismiss (Doc. 96) based on insufficient service of process. For the reasons set forth below, the Court denies defendant's motion to dismiss without prejudice.

*Background*

Plaintiff filed this action against defendant in the United States District Court of Arizona on April 29, 2005. On November 11, 2005, plaintiff filed a summons returned executed against defendant.[1] Attached to the summons is an affidavit of service in which Johnna Daily states that she served defendant a true and correct copy of the summons and Complaint at his office in Kansas City, Missouri on October 26, 2005.[2] On September 21, 2006, the District Court of Arizona granted plaintiff's motion for default judgment against defendant because defendant had failed to respond to the Complaint or otherwise participate in the action.[3] On September 28,

---

[1](Doc. 23.)

[2](Doc. 23 at 1.)

[3](Doc. 68.)

2006, defendant moved to set aside the default judgment arguing that he never received notice of the action filed against him, plaintiff never effectuated proper service, even if service had been properly effectuated, it was untimely, the court lacked subject matter and personal jurisdiction over defendant, and venue was improper.[4]  On March 3, 2007, the court granted defendant's motion to set aside the default judgment finding that because the court lacked personal jurisdiction over defendant, the default judgment was void.[5]  The court, however, declined to rule on whether plaintiff failed to effectuate proper service on defendant.[6]  The court then determined that transfer of this action to the District Court of Kansas pursuant to 29 U.S.C. § 1631 was appropriate in the interests of justice.[7]  Upon transfer, the action proceeds "as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."[8]  Defendant now moves for dismissal in this Court arguing that plaintiff never effectuated proper service on defendant.

*Discussion*

Under Fed. R. Civ. P. 12(b)(5), a court may dismiss a complaint for insufficient service of process.  In opposing a motion to dismiss prior to trial, plaintiff must make a prima facie showing that he has satisfied statutory and due process requirements so as to permit the Court to

---

[4](Doc. 70 at 1–2.)

[5](Doc. 92 at 2.)

[6](*Id.*)

[7](*Id.* at 3.)

[8]29 U.S.C. § 1631.

exercise personal jurisdiction over defendant.[9]  In making its determination, the Court may rely on affidavits and other written material submitted by the parties, and all factual disputes must be resolved in plaintiff's favor.[10]

Rule 4(e) governs service on individuals and provides that service may be effected by personal delivery, delivery at the individual's dwelling house or usual place of abode, delivery on the individual's authorized agent, or pursuant to the laws of the state in which the district court is located or in which service is effected.  Plaintiff contends that personal service was effected on defendant on October 26, 2005, when Johnna Daily served defendant a true and correct copy of the summons and Complaint at his office in Kansas City, Missouri.  Defendant responds that he was never served on October 25, 2005, or any other date, by plaintiff or any of his agents.  Defendant states that because he was hospitalized from October 23, 2005 to November 22, 2005, he was not at his office when Johnna Daily alleged served him.[11]  Indeed, on October 13, 2006, Johnna Daily filed a "Statement of Facts" in the United States District Court of Arizona which states that her notes reflect that she was dispatched to defendant's office on October 25, 2005 but that she does not "totally recall all the events that took place on this date."[12]  Defendant has submitted medical records showing that he was hospitalized at this time,[13] but plaintiff objects that these records are unauthenticated.  Based on the conflicting

---

[9]*Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990) (quoting *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir. 1984)); *Taher v. Wichita State Univ.*, No. 06-2132-KHV, 2007 WL 852364, at *1 (D. Kan. Mar. 19, 2007).

[10]*Kennedy*, 919 F.2d at 128 (quoting *Behagen*, 744 F.2d at 733).

[11](Doc. 70, Ex. 2.)

[12](Doc. 73.)

[13](Doc. 78, Ex. 1.)

materials submitted to the Court, there is a factual dispute as to whether defendant was personally served with process. Because factual disputes must be resolved in favor of plaintiff, the Court denies defendant's motion to dismiss without prejudice.[14] Should defendant present additional materials to the Court showing that he was not personally served in this action, the Court will entertain another motion to dismiss for insufficient service of process.

**IT IS THEREFORE BY THIS COURT ORDERED** that defendant's Motion to Dismiss (Doc. 96) is DENIED WITHOUT PREJUDICE.

Dated this 20th day of August 2007.

                    S/ Julie A. Robinson
                    Julie A. Robinson
                    United States District Judge

---

[14] Plaintiff requests sanctions against defendant and his counsel for filing this motion. The Court does not find that sanctions are warranted.