kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES W. CAMPBELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **STEPHEN A. JENKINS,** | )   Case No. 07-2126-JAR-JPO |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER GRANTING
## DEFENDANT'S RENEWED MOTION TO DISMISS

This matter is before the Court on defendant's Renewed Motion to Dismiss for Insufficiency of Service of Process and Lack of Jurisdiction (Doc. 112). For the reasons set forth below, defendant's motion to dismiss is granted.

*Background*

This action commenced in the United States District Court of Arizona on April 29, 2005, and has managed to survive over two years without proceeding to discovery. Plaintiff filed suit against a number of defendants, all of whom were dismissed in the preliminary stages of the case (Doc. 41). After the dismissals, plaintiff moved the District Court of Arizona for reconsideration (Doc. 43). That motion was denied (Doc. 44). The remaining defendant, Stephen A. Jenkins, had a default judgment entered against him for failure to appear and respond to the summons (Doc. 68). The District Court of Arizona subsequently set aside the default judgment, finding that the court lacked personal jurisdiction. The case was transferred to the District of Kansas, where defendant filed a Renewed Motion to Dismiss for Insufficiency of Service of Process (Doc. 92). This Court denied defendant's motion without prejudice, finding that there were

disputed facts, which were resolved in plaintiff's favor (Doc. 103).  Now, defendant renews his Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction.  With this motion, defendant has provided the Court with a sworn affidavit, medical records showing his stay at Truman Medical Center on the date he was allegedly served, and a letter from Kansas Bureau of Investigation ("KBI") explaining that defendant was never served.

*Discussion*

*Service of Process*

Under Fed. R. of Civ. P. 12(b)(5), a court may dismiss an action for insufficiency of service of process.  The plaintiff bears the burden of showing that service was effected.[1]  Where the averments in the defendant's affidavit are not controverted, they are taken as true for purposes of the motion.[2]  In plaintiff's response to defendant's motion to dismiss, plaintiff does not contradict that defendant was not served.  In fact, plaintiff reported the investigation of the KBI to this Court, albeit some time after the letter was mailed to plaintiff, finding that defendant was not served on October 26, 2005.  Therefore, this Court will grant defendant's motion to dismiss.

*Motion for Enlargement of Time to Serve Defendant*

This Court is aware that *pro se* litigants are afforded liberty in court proceedings.[3]  In "Plaintiff's Response to Memorandum in Support of Defendant's Renewed Motion to Dismiss"

---

[1] *Sellens v. Tel. Credit Union*, 189 F.R.D. 461, 466 (D. Kan. 1999); *Taher v. Wichita State Univ.*, No. 06-2132-KHV, 2007 WL 852364, at *1 (D. Kan. Mar. 19, 2007).

[2] *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1186 (7th Cir. 1969); *Shires v. Magnavox*, 74 F.R.D. 373, 376-77 (E.D. Tenn. 1977); CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: 5B Fed. Prac. & Proc. Civ. 3d § 1353 (2007).

[3] *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006).

(Doc. 114), plaintiff requests that this Court grant an extension of time for plaintiff to serve defendant if the court were to find that the initial service was insufficient. This Court declines to grant plaintiff an enlargement of time to serve defendant because plaintiff has not shown cause why his motion should be granted. Fed. R. Civ. P. 6(b) provides that a court, for cause shown, may enlarge the time required to abide by the federal rules or a court order. The Court finds that plaintiff in this case has not shown cause, and therefore, denies plaintiff's motion.

The Court does, however, find that plaintiff has provided ample cause why he should <u>not</u> be granted an enlargement of time to serve defendant. One such example is the KBI investigation letter. In defendant's motion, he notes that the KBI letter stating that service was never provided to defendant was mailed on July 25, 2007, and that plaintiff filed documents on August 1, 2007, and August 10, 2007, that did not reveal to the Court that service was insufficient. Plaintiff claims that he did not receive the letter shortly after July 25, 2007, because he moved from apartment 2090 to 2154 in the same apartment complex. Plaintiff subsequently filed the results of the KBI investigation with this Court on September 10, 2007 (Doc. 108). Plaintiff claims that the post office forwarded his mail, at which point he notified the Court. Plaintiff has diligently attempted to drain the resources of the federal courts previously,[4] and now seeks to have this Court believe that the post office took over 45 days to deliver the KBI letter. This Court is not persuaded and finds that plaintiff's action should be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Renewed Motion to Dismiss (Doc. 112) is **GRANTED**.

---

[4] Plaintiff seems to promote the argument that, though he may have been dishonest in these proceedings, the Court should grant his motion and deny defendant's motion because defendant was <u>more</u> dishonest. The Court finds the argument unpersuasive.

**IT IS SO ORDERED.**

Dated this 5th day of October 2007.

                                                        S/ Julie A. Robinson
                                                        
                                                        Julie A. Robinson
                                                        United States District Judge