kaw

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHARLES W. CAMPBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **STEPHEN A. JENKINS,** | ) | **Case No. 07-2126-JAR-JPO** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The Court now considers plaintiff Charles Campbell's Motion for Recusal and a Suspension of Time to File a Rule 6(b) Motion (Doc. 129), Motion to File a Rule 6(b)(2) Request for Enlargement of Time to File a Motion to Vacate Statements of the October 5, 2007 Order (Doc. 128), and Motion to Vacate Statements in the October 5, 2007 Order (Doc. 134). The Court notes that plaintiff's motion (Doc. 128) and motion (Doc. 134) make the same request. For the reasons set forth below, plaintiff's motions are denied. Additionally, plaintiff has failed to file his Rule 6(b) Motion detailing why he should be granted an enlargement of time to complete service of process within the allotted seven days granted by the Court in its Order of October 29, 2007 (Doc. 127). Therefore, plaintiff's action is dismissed with prejudice.

## I.     Background

This action has a desultory history, meandering from topic to topic never on task of the real issue, befuddling the parties and diverting the Court's attention to issues that generally do not occupy judicial resources and economy. Plaintiff filed this action in the District of Arizona, claiming that defendant Stephen Jenkins and others committed legal malpractice and requesting damages for their prior representation. Subsequently, plaintiff obtained a default judgement

against defendant, which was later reversed because the district judge in Arizona learned that defendant was never properly served.

The case was eventually transferred to this district, where defendant filed a motion to dismiss for lack of service.  The Court granted defendant's motion and plaintiff moved for reconsideration, claiming that he was not given time to file his intended motion.  Although he was afforded that time, plaintiff instead chose to file the pending motions requesting recusal and for an enlargement of time to file a motion to vacate language in this Court's previous Order.  At the time of filing those motions, plaintiff's time for filing his Rule 6(b) motion had not expired.

## II.   Discussion

### A.   *Motion for Recusal*

Plaintiff moves this Court for recusal pursuant to 28 U.S.C. §§ 144 and 455, claiming that this Court was biased based on its prior ruling and because the Court's impartiality is questioned. Section 144 of Title 28 of the United States Code requires a judge to recuse herself where her impartiality might be questioned.  Recusal under that section requires proof of bias based on personal prejudice from an extrajudicial source.[1]  Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias."[2]

Plaintiff requests recusal based on this Court's previous Order of October 5, 2007, claiming that the findings in the Order were unfounded and therefore, this Court is biased. Plaintiff relies on the language in the Order finding that plaintiff has abused the federal process

---

[1]*Buck v. Brackett*, 181 Fed. App'x 712, 716 (10th Cir. 2006).

[2]*Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2006).

by failing to report the Kansas Bureau of Investigation ('KBI") investigation letter to this Court for forty-five days.  Plaintiff claims that this Court attempted to show that plaintiff is dishonest and by implication, dismissed plaintiff's case on that basis.

In its prior Order this Court found that plaintiff tried to abuse the federal system with his numerous delays.  Plaintiff claims this is not true.  The Court notes that plaintiff initiated this proceeding in the District of Arizona in August 2005 against five defendants, claiming violation of the Kansas Consumer Protection Act and legal malpractice.  Plaintiff failed to serve defendant Jenkins and subsequently obtained a default judgment against him on March 3, 2007.  Default judgment was premised on defendant obtaining service of process.  It was later determined that plaintiff did not receive service of process because the process server employed by defendant forged the signature of defendant.  Plaintiff then initiated an investigation with the KBI, which found that service was not completed.  The problem, however, and the reason this Court found plaintiff's motives questionable was that  plaintiff failed to report the results of that investigation to the Court for forty-five days.  As such, the Court found plaintiff's arguments that he was unaware that service was not completed unpersuasive, and dismissed the action because service was never performed.  If plaintiff was portrayed as dishonest, it was not due to the language of this Court, but the facts of this case.[3]  Moreover, plaintiff cannot claim bias based on adverse rulings,[4] which, if in error, may be corrected on appeal.[5]

Plaintiff also contends that the Court stated in its Order that if plaintiff filed a Rule 6(b)

---

[3]*See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that judicial rulings are not a source for recusal but for appeal).

[4]*Buck*, 181 Fed. App'x at 716.

[5]*Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980).

3

motion, the Court would deny it.  The Court construes this as a motion for recusal under section 455(a) and (b)(1).  Under section 455(a) "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[6]  Under 455(b)(1), a judge shall disqualify herself where she has a "personal bias or prejudice concerning a party."  Both sections establish an objective standard, asking "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality"[7] or be "convinced the judge was biased."[8]  In making a decision, the judge may rely on facts outside of the challenging party's affidavit and should not recuse herself based "on unsupported, irrational, or highly tenuous speculation."[9]  The judge should also be mindful of the obligation to remain the judge as well as the obligation to recuse where there is a reasonable grounds to do so.[10]  "Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping."[11]

In its Order of October 29, 2007, this Court granted plaintiff's motion to reconsider, and granted plaintiff seven days in which to file a Rule 6(b) motion.  The Court explained, as deduced from plaintiff's motion (Doc. 124), that plaintiff's previous motion was not intended as a Rule 6(b) motion.  As such, the Court granted plaintiff's motion to reconsider because he pursued his claim pro se and because the Court misconstrued his motion.  The Court found,

---

[6]28 U.S.C. § 455(a).

[7]*Rogers v. Hinman*, 831 F.2d 937, 939 (10th Cir. 1987).

[8]*Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996).

[9]*Rogers*, 831 F.2d at 939.

[10]*Id.*

[11]*Hook*, 89 F.3d at 354.

however, that plaintiff had not met the burden under a Rule 6(b), but granted plaintiff's motion to assure that plaintiff could make his best arguments on that basis because he claimed that what he filed was not his Rule 6(b) motion.  Plaintiff claims the Court determined the Rule 6(b) issue before he was able to file.[12]  However, that finding was not based on plaintiff's true Rule 6(b) motion, but rather on plaintiff's motion and evidence at the time.[13]  If plaintiff came forward with additional evidence and met his burden, this Court would be required to abide by the Federal Rules of Civil Procedure.

Moreover, plaintiff cannot force the hand of this Court by attacking the judge or claiming bias based on findings of facts and rulings by this Court.[14]  Plaintiff has on a number of occasions accused this Court of bias and prejudice, has insinuated that this Court is biased for allegedly permitting defendant to practice without a license, and has repeatedly violated ethical rules.  Plaintiff claims that, not only was it defendant's fault that his prior action was dismissed, the Court was negligent and unethical as well.  Plaintiff claims that this Court knew that defendant was not permitted to practice law, but entertained his action nonetheless, instead of protecting plaintiff.  This claim is patently false.  Even if true, however, recusal cannot be premised on prior actions before this Court unless plaintiff can make a showing of some "'deep-seated favoritism or antagonism.'"[15]  Plaintiff does not make that showing here, and his motion is

---

[12]*See Buck v. Brackett*, 181 Fed. App'x 712, 716 (10th Cir. 2006).

[13]*See Romero v. City of Albuquerque*, 190 Fed. App'x 597, 607 (10th Cir. 2006) (Judge's comment was not a predetermination of the issue and did not indicate an opinion on the issue from an extrajudicial source or from favoritism).

[14]*F.D.I.C. v. Sweeny*, 136 F.3d 216, 219 (1st Cir. 1998).

[15]*Giove v. United States Dept. of Transp.*, 178 Fed. App'x 814, 817 (10th Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

5

denied.

B.      *Motion for Suspension of Time to File Rule 6(b) Motion*

Plaintiff also requests tolling of the time to file a Rule 6(b) motion detailing the reasons why service of process was never procured.  The Court declines to grant such suspension as the pending motions were filed on the seventh day of plaintiff's deadline.  Plaintiff could easily have filed his Rule 6(b) motion as well.  Thus, plaintiff has failed to file his Rule 6(b) motion within the time afforded by the Court.  As such, plaintiff's motion to suspend time for filing is denied.

C.      *Motion to Vacate Statements in October 5, 2007 Order*

Plaintiff moves this Court for permission to file a motion for enlargement of time to file a motion to vacate the statements in the October 5, 2007 Order.  In his motion, plaintiff asserts that "excusable neglect warrants an enlargement of time in which to file a motion to vacate the statements" in the Court's Order.  Fed. R. of Civ. P. 6 provides that the Court may enlarge the time to act where the failure to act was due to excusable neglect, except where the action requested is one under Rule 59(b), (d), and (e), and Rule 60(b).  The motion that plaintiff intends to file is one requesting that the Court amend its Order under Rule 59(e) or in the alternative under Rule 60(b) as requested in Doc. 134.  The rule provides that a party seeking to amend a Court's order shall file no later than ten days after judgment is entered.[16]  Here, judgment was entered on October 9, 2007.  Plaintiff's motion was filed on November 7, 2007, one month after judgment was entered.  Moreover, plaintiff has failed to show cause as required under Rule 6.[17] Accordingly, plaintiff's motion is denied and this action is dismissed with prejudice.

---

[16]Fed. R. Civ. P. 6(b).

[17]Fed. R. Civ. P. 6(b).

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Recusal (Doc. 129) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to File a Rule 6(b)(2) Request for Enlargement of Time to File a Motion to Vacate Statements of the October 5, 2007 Order (Doc. 128) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Vacate Stay of Discovery (Doc. 134) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 2nd day of January 2008.

 S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**